# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-CV-00186-MR
# CRIMINAL CASE NO. 1:99-CR-00074-MR-1

| | |
|---|---|
| JACOB ANDRE BOLDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 3].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted by plea of assault with a weapon during a bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2, and using and carrying a firearm during a bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00186-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:99-cr-00074-MR-1.

2. [CR Doc. 29]. The presentence report noted that Petitioner had at least two prior qualifying convictions that triggered the Career Offender enhancement under section 4B1.2 of the Sentencing Guidelines: a 1989 North Carolina conviction for possession of a controlled substance with intent to sell, and a 1996 North Carolina conviction for breaking and entering. The Court sentenced Petitioner as a Career Offender to a total term of imprisonment of 272 months. [Id.].

On June 20, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior North Carolina conviction for breaking and entering no longer qualifies as a "crime of violence" under the Guidelines. [Id. at 3-4]. Consequently, Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful. [Id.].

In response to the petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 3]. The government notes that this case will be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the questions presented in Beckles is whether Johnson applies retroactively to cases

collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in <u>Johnson</u> is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 3], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in <u>Beckles</u>. Thereafter, the government shall have 60 days from the date the Supreme Court decides <u>Beckles</u> within which to file its response in this matter.

**IT IS SO ORDERED.**  Signed: September 12, 2016

Martin Reidinger
United States District Judge